the law, for the executive would undoubtedly pardon.

The jury in a few moments, on the second ballot, agreed upon a verdict of not guilty.

---

## Case No. 15,621.

### UNITED STATES v. LOCOMOTIVE BOILER.

[Cited in U. S. v. Sixteen Barrels of Distilled Spirits, Case No. 16,300. Nowhere reported; opinion not now accessible.]

---

## Case No. 15,622.

### UNITED STATES v. LODGE.

[4 Cranch, C. C. 673.] [1]

Circuit Court, District of Columbia. March Term, 1836.

CRIMINAL LAW—TRIAL—PRODUCTION OF STOLEN NOTES.

Upon an indictment for stealing bank-notes against the act of congress of the 2d of March, 1831, § 9 [4 Stat. 449], it is not necessary to produce them upon the trial; and if they have been recovered by the owner and passed away, their contents and purport may be proved by parol.

Indictment [against William Lodge] for stealing "one promissory note of the Bank of Washington for the payment of five dollars, of the value of five dollars; one other bank-note of the Bank of New Lisbon, Ohio, for the amount of five dollars, of the value of five dollars; one note of the corporation of Georgetown for the payment of two dollars, of the value of two dollars; three silver coins of the goods and chattels of one Edward Simms, then and there being," &c., against the form of the statute; that is, Act Cong. March 2, 1831, § 9 (4 Stat. 449), "for the punishment of crimes in the District of Columbia." which enacts "that every person convicted of feloniously stealing, taking, and carrying away, any goods or chattels, or other personal property, of the value of five dollars or upwards, or any bank-note, promissory note. or any other instrument of writing, for the payment or delivery of money, or other valuable thing, to the amount of five dollars or upwards, shall be sentenced to suffer imprisonment and labor," &c.

There was no evidence as to the coins; and Mr. Giberson, for the prisoner, objected to parol evidence as to the bank-notes, because they were not produced, the witness, the owner, having passed them away.

THE COURT said they were inclined to think that parol evidence may be given of the contents and purport of the notes, but would reserve the question upon a motion for a new trial, if the prisoner should be convicted.

The witness found the notes upon the prisoner before he left the shop; and knew the Bank of Washington note by an indorsement upon it of the name Cloakey.

Verdict, guilty of stealing the notes only.

Mr. Giberson and Mr. Dandridge, for the prisoner, moved, in arrest of judgment, and for a new trial; and contended that the judgment ought to be arrested (1) because the indictment does not pursue the words of the statute upon which it is based; (2) because it does not state that the notes and coin, therein described, were the property of the prosecutor, at the time the larceny is said to have been committed.

And that a new trial ought to be granted, because (1) it was not competent or proper for the United States to give parol evidence, as to the contents of the notes, without having first proved that the notes were lost, destroyed, or mislaid, and, if the latter, that due diligence had been used to find the same; (2) that the court ought not to have admitted evidence of the contents of the notes, and that they should have been produced at the trial—First, because they are the best evidence; second, because, if produced, it would have been competent for the accused to show that they were counterfeit; or, third, that they were notes of broken banks, and therefore of no value; or, fourth, that they were not such as the banks could be compelled to pay or redeem.

THE COURT, however, overruled both motions, and sentenced the prisoner to the penitentiary.

---

## Case No. 15,623.

### UNITED STATES v. LOGAN.

[2 Cranch, C. C. 259.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

CRUELTY TO ANIMALS.

Public cruelty to a horse is in indictable offence.

Indictment for cruelty to a horse in a public street in Washington.

Verdict, guilty. Sentence $10 fine, and twenty days' imprisonment.

---

## Case No. 15,624.

### UNITED STATES v. LOGAN.

[12 Int. Rev. Rec. 146.]

Circuit Court, E. D. Tennessee. 1867.

INTERNAL REVENUE ACT—FAILURE TO PAY DISTILLERS' TAX—PERSONS CRIMINALLY LIABLE.

[1. One employed by another as a laborer in a distillery is not carrying on the business of a distiller, so as to be criminally liable for not having paid the tax.]

[2. To convict one under the act for retailing liquor without payment of the tax, the defendant must be proven to have held himself out publicly as following the business as one of his means of gaining a livelihood.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]